IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01160-BNB

JOHN M. HENTGES,

    Plaintiff,

v.

CAROL A. WALTER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, John M. Hentges, initiated this action by filing *pro se* a complaint. He asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The Court must construe the complaint liberally because Mr. Hentges is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Hentges is challenging the validity of a divorce decree entered in 2006 in Jefferson County, Colorado, district court Case No. 05DR212. He asks for the vacation of the divorce decree, for a declaration that his ex-wife is unfit to perform her parental

duties, for full custody of their children, for restitution to be paid by his ex-wife for the care of their children, for waiver of the past-due balance of his child-support payments, for the unexplained reinstatement of his driver's license, for funds to pay for therapy and rehabilitation services for their children, and for money damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Despite the fact that Mr. Hentges asserts diversity jurisdiction, that allegation does not end the Court's analysis of the Court's subject matter jurisdiction. The Court has examined the complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Hentges is asking the Court to review the state court divorce decree. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 284 (2005); *see also **Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See **Facio v. Jones***, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See **Feldman***, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See **Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Hentges is asking this Court to vacate the state court divorce decree, which would require the Court to review the state court judgment. Therefore, the Court finds that the complaint must be dismissed for lack of subject

3

matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

Finally, the state court divorce action involves important state interests. The Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 11 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01160-BNB

John M. Hentges
827 Commerce Street
Le Sueur, MN 56058

Carol A. Walter
31,000 U.S. Hwy 40
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk